IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § § | | EOD 03/16/2006 |
| CYNTHIA JEAN DAVIS | § § § § | Case No. 04-60096 | |
| Debtor | § | Chapter 7 | |
| STATE OF TEXAS | § § § | | |
| Plaintiff | § § | | |
| v. | § § | Adversary No. 04-6104 | |
| CYNTHIA JEAN DAVIS | § § § | | |
| Defendant | § | | |

**MEMORANDUM OF DECISION**

Before the Court is the adversary complaint filed by the State of Texas to determine the dischargeability of a debt arising from a bail bond judgment against a surety. The State contends that its debt may not be subjected to the Defendant-Debtor's discharge without its consent due to its rights of sovereign immunity under the Eleventh Amendment or, alternatively, that its debt is non-dischargeable under §523(a)(7) of the Bankruptcy Code. This memorandum of decision disposes of all issues pending before the Court.[1]

---

[1] This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a). The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (I), and (O).

**Facts and Procedural History**

Prior to the filing of the bankruptcy petition, the debtor in this bankruptcy case, Cynthia Jean Davis ("Debtor"), owned and operated a bail bonding business. She filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 15, 2004, and subsequently converted the case to Chapter 7 on February 16, 2004. She listed on her original schedules a debt arising from a certain bail bond forfeiture judgment rendered on behalf of Kaufman County, a subdivision of the State of Texas (the "State"). The State of Texas subsequently filed a motion to dismiss the bankruptcy case based upon its assertion that this Court did not have jurisdiction to discharge the debt owed to the State.[2] The State based this assertion upon the immunity from suit granted to the various states by the Eleventh Amendment to the United States Constitution. Upon hearing, this Court denied the State's dismissal motion based upon the finding that the assertion of the non-dischargeability of the debt owed to the State, even if correct, was not a basis to deny the Debtor the right to address other debts in a Chapter 7 context and did not constitute cause under 11 U.S.C. § 707(a) for the dismissal of the Debtor's entire Chapter 7 bankruptcy case. In its order denying the motion to dismiss, the Court acknowledged its willingness, upon the subsequent trial of any adversary proceeding which might be filed to determine the dischargeability of the bail bond judgment, to recognize upon the parties' request the evidence and arguments presented at the dismissal hearing in order to reduce

---

[2] See *State of Texas' Amended Motion to Dismiss* filed on August 9, 2004 (dkt #43).

costs to the litigants.[3]  A Chapter 7 discharge was subsequently granted to the Debtor on November 11, 2004.

On October 27, 2004, the State of Texas filed this adversary proceeding seeking a determination that the debt owed to it by the Debtor arising from the bail bond forfeiture judgment is non-dischargeable based upon the arguments and evidence presented at the prior dismissal hearing.[4]  The State argues, as it did previously, that this Court lacks jurisdiction to discharge the bail bond debt without the consent of the State due to its rights of sovereign immunity under the Eleventh Amendment.[5]  The State further argues that, even if sovereign immunity does not apply, the discharge of the debt arising from the bail bond judgment is non-dischargeable under § 523(a)(7) of the Bankruptcy Code.  The Debtor argues that the discharge of a bail bond forfeiture is not precluded by the protections offered by the Eleventh Amendment and otherwise denies that §523(a)(7) precludes the discharge of this debt.

---

[3]  See *Order Denying Amended Motion to Dismiss Case Filed by the State of Texas* entered on October 14, 2004 (dkt #57).

[4]  See ¶ 8 of the Plaintiff's Complaint ["The State hereby requests that the Court hereby consider its Amended Motion to Dismiss as an adversary proceeding to determine the dischargeability of Davis' bail bond forfeiture judgments owed the State based upon the arguments already presented at the October 6, 2004 oral arguments and based on the State's Amended Motion to Dismiss."].  The Debtor agreed with this procedure in its answer.  See *Debtor's Answer to the Complaint of the State of Texas to Determine Dischargeability of Debt* (dkt #3) at ¶ 8.

[5]  The State is essentially repeating its earlier argument that "Any attempt by the Bankruptcy Court to alter, cancel, discharge or otherwise consider these judgments is an affront to the sovereignty of the State of Texas." *See supra* note 3 at p. 11.

**Discussion**

*Application of Sovereign Immunity*

The Eleventh Amendment of the United States Constitution bars suits brought against a State without the State's consent.[6] Its application in the bankruptcy context has generated considerable legal activity as courts and commentators contemplate whether the states waived their sovereign immunity from private suits by adopting the Constitution of the United States and its Bankruptcy Clause, U.S. CONST., art. I, § 8, cl. 4, and whether an appropriate basis exists upon which the Congress could have legitimately abrogated sovereign immunity in its statutory adoption of 11 U.S.C. § 106.[7] Though that complex question has yet to be ultimately decided, the first question posed by the State of Texas in this proceeding — whether it can be bound by this Court's discharge order without its consent — was recently decided by the Supreme Court of the United States.

---

[6] The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commence or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S.C.A. CONST. amend. XI (West 2006).

[7] *See, e.g., Cent. Virginia Cmty Coll. v. Katz,* ___ U.S. ___, 126 S.Ct. 990, 1000, 74 U.S.L.W. 4101 (2006); *Ga. Higher Education Corp. v. Crow (In re Crow),* 394 F.3d 918 (11th Cir. 2004); *Ossen v. Dept. of Social Servs. (In re Charter Oaks Associates),* 361 F.3d 760 (2d Cir. 2004); *Nelson v. La Crosse County Dist. Attorney,* 301 F.3d 820 (7th Cir. 2002); *Mitchell v. Franchise Tax Bd.,* 209 F.3d 1111 (9th Cir. 2000); *Sacred Heart Hosp. of Norristown v. Pennsylvania,* 133 F.3d 237 (3d Cir. 1998); *Dep't of Transp. & Dev. v. PNL Asset Mgmt. Co.,* 123 F.3d 241 (5th Cir. 1997), *amended by* 130 F.3d 1138 (5th Cir. 1997); *Schlossberg v. Maryland,* 119 F.3d 1140 (4th Cir. 1997); *but see Hood v. Tenn. Student Assistance Corp.,* 319 F.3d 755 (6th Cir. 2003), *affirmed on other grounds,* 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004).

In *Hood v. Tenn. Student Assistance Corp. (In re Hood)*, 541 U.S. 440 (2004), in deciding whether an adversary proceeding against a state agency to determine the dischargeability of a student loan was precluded by the Eleventh Amendment and after explaining how the States' sovereign immunity may not always protect a state from the exercise of federal *in rem* jurisdiction without its consent[8], the Supreme Court made the following observation:

> The discharge of a debt by a bankruptcy court is similarly an *in rem* proceeding. . . . The discharge order releases a debtor from personal liability with respect to any discharged debt by voiding any past or future judgments on the debt and by operating as an injunction to prohibit creditors from attempting to collect or to recover the debt. A bankruptcy court is able to provide the debtor a fresh start in this manner, despite the lack of participation of all of his creditors, because the court's jurisdiction is premised on the debtor and his estate, and not on the creditors. . . .Under our longstanding precedent, States, whether or not they choose to participate in the proceeding, *are bound by a bankruptcy court's discharge order no less than other creditors*.

*Id*. at 447-48 (citations omitted and emphasis added). The Court further concluded that:

> A debtor does not seek monetary damages or any affirmative relief from a State by seeking to discharge a debt; nor does he subject an unwilling State to a coercive judicial process. He seeks only a discharge of his debts. . . .

---

[8] The Supreme Court thereby did not reach the issue of whether the Bankruptcy Clause trumps any assertion of sovereign immunity under the Eleventh Amendment, which was the point upon which certiorari was granted. *Hood,* 541 U.S. at 443.

> We find no authority, in fine, that suggests a bankruptcy court's exercise of its *in rem* jurisdiction to discharge a student loan debt would infringe state sovereignty . . . . We thus hold that the undue hardship determination sought by Hood in this case is not a suit against a State for purposes of the Eleventh Amendment.

*Id*. at 450-51.

Thus, the entry of a discharge order by the Court in the Debtor's underlying bankruptcy case was a proper exercise of its *in rem* jurisdiction which did not infringe upon the sovereignty of the State of Texas and that discharge order was and is binding upon the State of Texas. *See also, Cent. Virginia Cmty Coll. v. Katz*, ___ U.S. ___, 126 S.Ct. 990, 1000, 74 U.S.L.W. 4101 (2006) ["In bankruptcy, the court's jurisdiction is premised on the debtor and his estate, and not on the creditors. As such, its exercise does not, in the usual case, interfere with state sovereignty even when States' interests are affected."] (citations omitted).

Though the Eleventh Amendment is clearly not implicated in the issuance of the discharge order nor in the binding effect thereof upon the State, even if such protection was available, any claim of sovereign immunity was waived by the State when it triggered the jurisdiction of this Court by filing the adversary complaint in this matter.[9] Courts have held that, "[g]enerally, a sovereign entity will be found to have waived its immunity

---

[9] The State, in fact, acknowledged the jurisdiction of this Court and the fact that this adversary proceeding constitutes a core proceeding under 28 U.S.C. §157 in the first two paragraphs of its complaint.

from suit in federal court if it voluntarily invokes the jurisdiction of the federal court or submits a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re WCI Cable, Inc.*, 274 B.R. 529, 534 (Bankr. D. Ore. 2002); *see also, Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76, 681 n.3, (1999) (*citing Gardner v. New Jersey*, 329 U.S. 565 (1947)).  Thus, because the State initiated this proceeding, it has waived any claim to sovereign immunity through its voluntary invocation of the jurisdiction of this Court.

*Non-Dischargeability Under §523(a)(7)*

§727(b) of the Bankruptcy Code provides that:

*Except as provided in section 523 of this title*, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.  (emphasis added).

§ 523 provides that a discharge under section 727 . . . does not discharge an individual debtor from any debt —

(7)  to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . .

The State claims that the debt arising from its bail bond judgment against the Debtor should be declared non-dischargeable under the provisions of §523(a)(7). However, binding precedent within this Circuit compels the opposite result.

In *Hickman v. Texas* (*In re Hickman)*, 260 F.3d 400 (5th Cir. 2001), the Fifth Circuit addressed, *as a matter of law*, the question of whether a debt arising from a bail bond judgment issued under Texas law is the type of "forfeiture" which Congress intended to render non-dischargeable under §523(a)(7). As an initial matter, the Circuit noted that "[w]e cannot agree that merely because a bail bond judgment is generally referred to as a forfeiture, it automatically falls within the bounds of § 523(a)(7).[10] It is important to examine the true nature of the debt incurred rather than the label attached to it by the State." *Id*. at 405 (*citing In re Long*, 774 F.2d. 875, 878-79 (8th Cir. 1985). It noted that the debts to the State were incurred through Debtor's contractual obligation as a surety on bail bonds; not through any affirmative misconduct and/or wrongdoing on the part of Debtor.[11] It examined the attributes of a bail bond debt of a surety under Texas

---

[10] The Circuit recognized that "it is the substance of a transaction, rather than the blind application of labels assigned by the parties," which must govern the nondischargeability determination. "Otherwise, the State could except from discharge all manner of debts simply by labeling them a fine, penalty or forfeiture." *Id*. at 405-06.

[11] The *Hickman* court highlighted the distinction between a debt "arising from [debtor's] failure to fulfill [debtor's] contractual obligation to the State" and a debt which is "punitive or penal" and thereby "rendered nondischargeable by § 523(a)(7)." *Id*. at 401 (alteration in original).

law[12] and compared them to the policies and objectives expressed generally by §523 and the cases construing §523(a)(7) in particular, thereafter concluding that "[i]nterpreting §523(a)(7) against the backdrop of §523(a) . . . suggests Congress' intent to limit the scope of the phrase "fine, penalty or forfeiture" to debts imposed as punishment for wrongdoing by the debtor." *Id*. at 404. Such an examination led to the following unambiguous conclusion:

> Construing forfeiture in light of the accompanying terms in § 523(a)(7), §523(a) as a whole, and the basic policy and object of the Bankruptcy Code, we hold that § 523(a)(7) excludes from discharge only those forfeitures imposed because of misconduct or wrongdoing by the debtor. Hickman's debt arising from her failure to fulfill her contractual obligation to the State as a surety on a criminal bail bond is not the sort of punitive or penal forfeiture rendered nondischargeable by § 523(a)(7).

*Id*. at 401.

In the present case, the State did not present a shred of evidence regarding any affirmative misconduct or wrongdoing perpetrated by the Debtor. Instead, the State claims that a bail bond debt should be characterized as punitive or penal and that the Fifth Circuit in *Hickman* misconstrued the nature of bail bond judgments under Texas law due to briefing deficiencies of the parties.[13] However, even a cursory examination of

---

[12] The Circuit recognized that "[w]hether the bail bond debt of a surety is a forfeiture under §523(a)(7) is a question of federal law. . . . But we look to state law to determine whether the debt at issue possesses the attributes of a forfeiture." *Id*. at 405.

[13] *See supra* note 3 at p. 6.

Hickman reveals that the Circuit fully considered the impact of bail bond judgments on the Texas criminal justice system in evaluating whether such a judgment should be rightfully considered as a non-dischargeable "forfeiture" under §523(a)(7). It clearly stated that "bail bond judgments are not a penal sanction rooted in the traditional responsibility of the state to protect its citizens, but rather arise from a contractual duty." *Id*. at 406. The court in *Hickman* considered and rejected the State's argument that allowing the discharge would "undermine the effective administration of its [State of Texas'] criminal justice system." Id. Though admitting that the "goals [of the criminal justice system] would be defeated if the bankruptcy court relieved a criminal of a fine, penalty or forfeiture imposed by a state court[,][s]uch a concern does not exist with respect to a surety's debt for forfeiture of a bond." *Id*. at 406-07. While the Circuit recognized that certain legitimate goals of the Texas criminal justice system might be compromised by a bankruptcy discharge in other circumstances, the discharge of a bail bond judgment simply does not create any such risk.[14] It is simply a monetary debt which is owed to the State arising from the contractual obligations of the Debtor.

Thus, the State's argument that the Fifth Circuit in *Hickman* failed to consider the proper characterization of a bail bond forfeiture judgment under Texas law is simply erroneous. The State simply does not agree with the result of that analysis — the

---

[14] *Id*. at 406-07.

dischargeability of its debt — not unlike the protestations often heard from other creditors in a bankruptcy case.

The conclusion of *Hickman* is binding upon this Court.[15] More importantly, it is also correct. In the present case, the Debtor is not a criminal. The State of Texas offers no evidence to suggest otherwise. The Debtor simply breached a contractual relationship with the State from which a debt arose. It should be treated accordingly.

**Conclusion**

For the foregoing reasons, this Court finds that the State of Texas is bound by the discharge order entered in this case, notwithstanding the Eleventh Amendment, and that the State of Texas, as Plaintiff, has failed to demonstrate that its debt based upon the bail bond judgment is the type of forfeiture which would except that debt from the scope of the Debtor's discharge pursuant to §523(a)(7). Accordingly, judgment must be rendered in favor of the Debtor-Defendant, Cynthia Jean Davis.

This memorandum of decision constitutes the Court's findings of fact and

---

[15] *Concerned Citizens for Equality v. McDonald*, 863 F. Supp. 393, 404 (E.D. Tex. 1994) ["The American judiciary has long placed a premium upon the doctrine of stare decisis, especially its "vertical application," which commands trial courts to adhere to its jurisdiction's appellate court precedents and ultimately, those of the United States Supreme Court."], *citing Hutto v. Davis,* 454 U.S. 370, 375, 102 S.Ct. 703, 706, 70 L.Ed.2d 556 (1982) (per curiam) ["unless we want anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts. . . ."]; *Perez v. Brown & Williamson Tobacco Corp.*, 967 F. Supp. 920, 925 (S.D. Tex. 1997) ["It is well established that a federal district court must generally apply an interpretation of law articulated by its circuit court of appeals."]. *Hickman* has also been deemed binding by another panel of the Circuit. *See First Capital Interest, L.L.C. v. Garland (In re Garland)*, 98 Fed. Appx. 1000, 2004 WL 1240487 (5th Cir. June 7, 2004).

conclusions of law[16] pursuant to Fed. R. Civ. P. 52, as incorporated into adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7052. An appropriate judgment will be entered which is consistent with this opinion.

Signed on 3/16/2006

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[16] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.